**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Heath Gaumer,

Plaintiff,

v.

Equifax Information Services LLC, et al.,

Defendants.

Case No. 2:26-cv-01863-RFB-BNW

**Order**

Pending before this Court is Plaintiff's motion to extend time to serve and to effectuate service by alternative means. ECF No. 52. Plaintiff seeks a 60-day extension of the service deadline as to Defendants Aaniiih Nakoda Finance, LLC d/b/a Bright Lending (Bright Lending) and Biz Advance Now Inc. d/b/a/ Cash Advance Now (Cash Advance Now) as well as permission to effect alternative service on these Defendants by the Nevada Secretary of State. *Id.* at 2, 6. Plaintiff also requests permission to serve these Defendants via email or mail. *Id.* at 7.

**I. Extension of Time for Service Time**

Courts must extend the time for service for an appropriate period upon a showing of good cause. Fed. R. Civ. P. 4(m). In this case, Plaintiff has attempted to serve Defendant Bright Lending[1] but has had difficulty serving the entity in person because Bright Lending is located on a Native American reservation in rural Montana. ECF No. 52 at 4. In order to serve Bright Lending, Plaintiff's hired process server had to go through the Fort Belknap Indian Community Tribal Court. *Id.* The process server reported that it called several times to obtain a service status update from the Tribal Court but received no answer nor response to multiple voicemails. ECF

[1] This Court notes that Bright Lending has appeared in this case. *See* Motion to Dismiss at ECF No. 45. This Court also notes that Bright Lending has not opposed the subject motion and the time to file an opposition has passed. Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

No. 52-1 at 4. The process server also emailed the Tribal Court. *Id.* He finally heard from the Tribal Court on August 27, 2026, and was notified that the "job was mishandled and never completed". *Id.* at 3. He was also notified that the Tribal Court would expedite service. *Id.* As summons has not yet been returned, Plaintiff states that he continues to work with the process server to identify and reach an authorized agent for Bright Lending so that service may be completed. ECF No. 52 at 4.

As to Defendant Cash Advance Now, Plaintiff states that he has made repeated attempts to locate and contact an authorized agent for service. ECF No. 52 at 4. Plaintiff's process server reported that two attempts had been made at one address for the officer listed for Cash Advance Now. ECF No 52-2. The process server noted that there were three open addresses listed for the officer, and that she would send postal orders out to all three addresses in an attempt to narrow the list before attempting service at each one. ECF No. 52-2 at 3–4. The process server also called the number associated with the officer and did not receive a response. *Id.* at 4. Plaintiff states that he continues to work with the process server to reach this officer as well as identify and reach an authorized agent for Cash Advance Now so that service may be completed. ECF No. 52 at 4.

In light of Plaintiff's diligence, good cause exists to extend the service period for 60-days from the date of this ruling to December 7, 2026. *See Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987) (equating "good cause" with diligence).

**II. Request for Alternative Service**

Rule 4 of the Federal Rules of Civil Procedure establishes the methods for service of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of the state in which the federal court is located. Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Rule 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

(i) the due diligence that the plaintiff undertook to locate and serve the defendant; and

(ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant ...

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B). Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Under Nev. R. Civ. P. 4.2(c)(1), an entity or association that is formed under the laws of Nevada, is registered to do business in Nevada, or that has appointed a registered agent in Nevada, must be served by delivering a copy of the summons and complaint to:

(i) the registered agent of the entity or association;
(ii) any officer or director of a corporation;
(iii) any partner of a general partnership;
(iv) any member of a member-managed limited liability company;
(v) any manager of a manager-managed limited liability company;
(vii) any trustee of a business trust;
(viii) any officer or director of a miscellaneous organization mentioned in Nev. Rev. Stat. Chapter 81;
(ix) any managing or general agent of any entity or association; or
(x) any other agent authorized by appointment or by law to receive service of process.
effectuate service upon a business entity or association under Nev. R. Civ. P. 4.2(c)(1)

Here, Plaintiff has attempted to effectuate service upon both Bright Lending and Cash Advance Now under Nev. R. Civ. P. 4.2(c)(1) multiple times and is still actively working to locate and serve officers and/or registered agents of these entities. ECF No. 52 at 4.

Nev. R. Civ. P. 4.2(c)(3) allows for service upon a defendant by way of the Secretary of State, "(i)f for any reason, service on an entity or association required to appoint a registered agent in this state or to register to do business in this state cannot be made under Rule 4.2(c)(1)…". Because Plaintiff has been unable to effect service upon Bright Lending and Cash Advance Now, entities that Plaintiff alleges are required to appoint a registered agent in Nevada or to register to do business in Nevada, this Court finds that service upon these Defendants by way of the Secretary of State is appropriate.

Additionally, Nevada law enables this Court to order Plaintiff "to make reasonable efforts to provide additional notice . . . to a defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication." NRCP 4.4(d)(1). Thus, this Court will also order that Plaintiff send the summons and complaint by certified mail to the U.S. Mail addresses for the agents that Bright Lending has provided and to the U.S. Mail addresses the process server identified for Cash Advance Now.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion for alternative service (ECF No. 52) is GRANTED.

**IT IS FURTHER ORDERED** that the deadline for service upon Defendant Lorenzo Doumani is extended up to and including 60 days following the date of this order.

**IT IS FURTHER ORDERED** that service of process on Defendant Aaniiih Nakoda Finance, LLC d/b/a Bright Lending and Defendant Biz Advance Now Inc. d/b/a Cash Advance Now via the Nevada Secretary of State must comply with Nev. R. Civ. P. 4.2(C)(3)(B).

**IT IS FURTHER ORDERED** that Plaintiff must mail a copy of the Summons and Complaint to the identified addresses for the agents of Defendant Aaniiih Nakoda Finance, LLC d/b/a Bright Lending by certified mail.

**IT IS FURTHER ORDERED** that Plaintiff must mail a copy of the Summons and Complaint to the identified addresses for Defendant Biz Advance Now Inc. d/b/a Cash Advance Now by certified mail.

DATED: October 8, 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE